UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TYSON RANDALL &
ANGELINA STANG,
Plaintiff,

v. Case No.: 3:26cv3974/TKW/ZCB

UNION COUNTY GEORGIA, et al.,
Defendants.
_________________________________/

**REPORT AND RECOMMENDATION**

Plaintiffs, proceeding *pro se*, commenced this action by filing a complaint. (Doc. 1). On June 11, 2026, the Court ordered Plaintiffs to show cause why their case should not be dismissed for improper venue within twenty-one days. (Doc. 4). The deadline for the show case order has passed and Plaintiffs have not responded. For the reasons below, Plaintiffs' case should be dismissed for improper venue.

## I. Venue

Section 1391(b), the statute that governs venue, provides:

> A civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district

> in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). "The plaintiff has the burden of showing that venue in the forum is proper." *Pinson v. Rumsfeld*, 192 F. App'x 811, 817 (11th Cir. 2006).

Here, Plaintiffs did not file their case in the proper venue. Plaintiffs name nine Defendants, eight of whom are domiciled in Georgia. Only one Defendant is domiciled in Florida, and Plaintiffs make no specific factual allegations regarding that Defendant in their complaint. It also appears from the complaint that a substantial part of the events or omissions giving rise to the suit occurred (or are occurring) in Union County, Georgia, which is in the Northern District of Georgia.

In sum, Plaintiffs fail to allege that any Defendant engaged in activity in the Northern District of Florida. Rather, it appears the only ties to the Northern District of Florida are the facts that Plaintiff Randall is incarcerated at the Escambia County Jail and Plaintiffs' son (who is not a named party) is supposedly a resident of Escambia County. But these allegations alone are insufficient to establish that the Northern District of Florida is the appropriate venue for this case. *See Thomas v.*

*Disanto*, 762 F. App'x 770, 771 (11th Cir. 2019) (affirming district court's finding that plaintiff filed his suit challenging child custody proceedings in the wrong venue when the defendants were residents of Ohio and he was challenging Ohio state court proceedings).

## II. Dismissal

If venue is improper, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). A court may raise the issue of defective venue on its own motion, but it should not dismiss an improperly filed case for lack of venue without giving an opportunity to respond. *See Lipofsky v. New York State Workers Comp. Bd.*, 861 F.2d 1257, 1259 (11th Cir. 1988). Here, transferring would not be in the interest of justice for the reasons below.

### A. *Younger* Abstention

Although federal courts have an obligation to hear cases before them, "the *Younger* doctrine presents a narrow exception." *Leonard v. Alabama State Bd. of Pharmacy*, 61 F.4th 902, 907 (11th Cir. 2023). "The *Younger* abstention doctrine forbids this Court from exercising jurisdiction over claims which interfere with pending state court

proceedings." *Shuford v. Hawthorne*, No. 6:21cv1337, 2022 WL 20379614, at *1 (M.D. Fla. Jan. 7, 2022), *adopted by* 2022 WL 20379613 (Feb. 1, 2022). Three types of state proceedings warrant *Younger* abstention: "(1) criminal prosecutions; (2) civil enforcement proceedings; and (3) civil proceedings involving certain orders that are uniquely in furtherance of the state courts' judicial functions." *Leonard*, 61 F.4th at 907-908.

"When a federal lawsuit overlaps with one of these types of state proceedings, and the federal court is asked to interfere in the state proceeding," three factors are to be considered: "First, is the state proceeding ongoing at the same time as the federal one? Second, does the state proceeding implicate an important state interest? And third, does the state proceeding provide an adequate opportunity to raise the federal claim?" *Id.* at 908. When these three factors are met, "*Younger* abstention is warranted, and the federal court should abstain and allow the state proceedings to go forward." *Id.*

It is unclear from Plaintiffs' complaint whether the Georgia state court proceedings are ongoing or final. To the extent they are ongoing, the first question is satisfied. As to the second question, state

proceedings related to child custody implicate important state interests. *See Davis v. Self*, 547 F. App'x 927, 930 (11th Cir. 2013) ("There is no doubt that matters involving domestic relations and child custody implicate important state interests.").

Third, Plaintiffs have not shown that they cannot present their federal claims related to the child custody determinations to the state courts. Plaintiff Randall's allegations that he was denied procedural due process in state court are vague and conclusory. *See 31 Foster Child. v. Bush*, 329 F.3d 1255, 1279 (11th Cir. 2003) (noting "plaintiffs have the burden of establishing that the state proceedings do not provide an adequate remedy for their federal claims"); *Chestnut v. Canady*, 853 F. App'x 580, 583 (11th Cir. 2021) ("Generally, in the absence of authority to the contrary, a federal court should assume that a state's procedures will afford the plaintiff an adequate remedy.").

Accordingly, if the state proceedings are ongoing, a federal court should abstain from interfering with Plaintiffs' underlying state court proceedings. *See Thomas v. Disanto*, 762 F. App'x 770, 773 n.4 (11th Cir. 2019) (affirming a district court's dismissal, rather than transfer, when the transferee court would lack jurisdiction over plaintiff's challenge to

his state court proceedings under *Younger* abstention or the *Rooker-Feldman* doctrine).

There are certain "extraordinary circumstances" where a "federal court should refuse to abstain [under *Younger*] even if the other factors warrant it." *Leonard*, 61 F.4th at 908. A "federal court should refuse to abstain if: (1) there is evidence the state proceedings are motivated by bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised." *Id.* (cleaned up). None of these exceptions apply here. *See, e.g.*, *Thomas*, 762 F. App'x at 773 n.4.

**B. Shotgun Pleading**

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim" showing that the plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2). "A shotgun pleading is a complaint that violates [] Federal Rule of Civil Procedure 8(a)(2)[.]" *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021). Shotgun pleadings are "flatly forbidden." *Id.* And district courts have the "authority to dismiss a shotgun pleading on that basis alone." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357 (11th Cir. 2018).

The Eleventh Circuit has explained that there are four types of shotgun pleadings: (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint"; (2) "a complaint that is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) "a complaint that does not separate each cause of action or claim for relief into a different count"; and (4) "a complaint that asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Barmapov*, 986 F.3d at 1324-25 (cleaned up). What all four types of shotgun pleadings have in common is "that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015).

Here, Plaintiffs' complaint falls into at least three of the four categories of shotgun pleadings. First, it contains "multiple counts where

each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Barmapov*, 986 F.3d at 1324-25; *see* (Doc. 1 at 5-7) (realleging all previous paragraphs in each count).

Second, the complaint contains "conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Barmapov*, 986 F.3d at 1325. For example, as noted above, it is unclear if the state court proceedings in Georgia are ongoing or final. This is just one example of the conclusory and vague allegations that appear throughout the complaint.

Third, Plaintiffs "assert[] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Barmapov*, 986 F.3d at 1325 (cleaned up). Throughout their complaint, Plaintiffs group Defendants together collectively without specifying each Defendant's acts or omissions or the specific claims asserted. Nor do they specify which claims are brought against which Defendants.

For these reasons, Plaintiffs' complaint is a shotgun pleading. It fails to "give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Arrington v. Green*, 757 F. App'x 796, 797 (11th Cir. 2018) (internal quotations omitted). Because Plaintiffs' complaint is a shotgun pleading, the interest of justice weigh in favor of dismissal without prejudice rather than a transfer to the Northern District of Georgia. *See Myers v. Doe*, No. 1:10cv254, 2011 WL 1539758, at *2 (N.D. Fla. Mar. 21, 2011) ("[I]n recognition of the fact that Plaintiff, thus far, has not even alleged any arguable basis to support a claim, the Court concludes that the interests of justice do not favor a transfer but instead favor dismissal.").

## III. Conclusion

Before recommending dismissal for improper venue, the Court provided Plaintiffs with notice and an opportunity to respond by way of the show cause order. Plaintiffs had until July 2, 2026, to explain why their case should not be dismissed for improper venue. They did not respond. For the reasons above, it is respectfully **RECOMMENDED** that:

1. This case be **DISMISSED without prejudice** for improper venue.

2. The Clerk of Court be directed to close this case.

At Pensacola, Florida, this 15th day of July 2026.

/s/ Zachary C. Bolitho
Zachary C. Bolitho
United States Magistrate Judge

**Notice to the Parties**

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.